FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 28, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KATHRYN A., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,[1] <br><br> Defendant. | No. 4:19-CV-05085-JTR <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 15, 16. Attorney Chad Hatfield represents Kathryn A. (Plaintiff); Special Assistant United States Attorney Katherine Watson represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 1

**REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits on January 27, 2014, alleging disability since April 26, 2012, due to major depressive disorder with psychosis. Tr. 81. The application was denied initially and upon reconsideration. Tr. 109-15, 117-21. Administrative Law Judge (ALJ) Tom Morris held a hearing on March 22, 2016, Tr. 37-79, and issued an unfavorable decision on June 27, 2016, Tr. 20-31. Plaintiff requested review by the Appeals Council and on July 3, 2017 the Appeals Council denied the request. Tr. 1-5. Plaintiff filed a civil action in this court on July 21, 2017. Tr. 857. On May 24, 2018 the court issued a judgment and order granting the parties' stipulated motion for remand. Tr. 886.

While the original claim was pending in federal court, Plaintiff filed a second application for Disability Insurance Benefits, along with an application for Supplemental Security Income, on September 13, 2017. Tr. 1021-27. Upon remand from the District Court, the original application was consolidated with the new applications, and the duplicative Disability Insurance Benefits claim was dismissed. Tr. 904, 925.

A remand hearing was held on December 10, 2018 before ALJ Marie Palachuk. Tr. 788-829. On February 19, 2019, ALJ Palachuk issued an unfavorable decision. Tr. 763-78. Plaintiff did not file a request for review with the Appeals Council and the Appeals Council did not take its own review; the ALJ's February 2019 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Tr. 761. Plaintiff filed this action for judicial review on April 23, 2019. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1983 and was 29 years old as of her alleged onset date. Tr. 776. She has a high school education and work history as an administrative assistant, file clerk, and technical editor. Tr. 469. In 2012 she was experiencing severe mental health problems, along with substantial alcohol use, and was involuntarily admitted to inpatient psychological treatment. Tr. 466-68. She quit her job after attempting suicide and being unable to manage her job along with treatment. Tr. 52-53. Over the following six years she had nine other inpatient stays at the Lourdes Transitions Unit, primarily for suicidal ideation and suicidal gestures. Tr. 476-79, 555-58, 608, 1152, 1294, 1304, 1325-27, 1643, 1651.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards

were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

If a claimant is found disabled and there is medical evidence of a substance use disorder, the ALJ must determine if the claimant would continue to be disabled if substance use were stopped. If the remaining limitations would not be disabling, the substance use disorder is a contributing factor material to the determination of disability and the claimant is not disabled. 20 C.F.R. §§ 404.1535, 416.935.

## ADMINISTRATIVE DECISION

On February 19, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 766.

At step two, the ALJ determined Plaintiff had the following severe impairments: depressive disorder, anxiety disorder, alcohol dependence, and polysubstance addiction disorder. *Id.*

At step three, the ALJ found Plaintiff's conditions, including the substance use disorders, met sections 12.04 and 12.06 of 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 767. However, the ALJ found Plaintiff's condition would improve if she were to stop using substances and would not meet or medically equal any of the listed impairments. Tr. 767-69.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found, if she were to stop abusing substances, she could perform work at all exertional levels with the following non-exertional limitations:

> The claimant is able to understand, remember and carryout simple, routine and repetitive tasks/instructions; able to maintain attention and concentration on simple, routine tasks for two-hour intervals between regularly scheduled breaks; no more than simple changes in the work setting; no more than simple judgment/decision-making; no fast-paced production rate of work; only incidental contact with the public; only superficial interaction (defined as non-collaborative/no teamwork) with coworkers.

Tr. 769.

At step four, the ALJ found that if Plaintiff stopped the substance abuse, she would be unable to perform her past relevant work as an associate editor, a file clerk, or an administrative clerk. Tr. 776.

At step five the ALJ found that if Plaintiff stopped the substance abuse, there would be a significant number of jobs in the national economy that she could perform, including industrial cleaner, hand packager, and cleaner housekeeping. Tr. 776-77.

The ALJ thus concluded substance use was a contributing factor material to the determination of disability, and that absent substance use, Plaintiff was not

under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 777-78.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly rejecting medical opinion evidence; (2) improperly rejecting Plaintiff's subjective testimony; and (3) making unsupported step five findings, due to the other errors.

## DISCUSSION

**1.    Medical opinion evidence**

Plaintiff argues the ALJ erred by improperly assessing the medical opinion evidence. She asserts the ALJ improperly rejected opinions from Plaintiff's treating providers and gave great weight to the medical expert who testified at the hearing yet failed to include all assessed limitations in the RFC. ECF No. 15 at 12-16.

In evaluating the weight owed to various opinions, the ALJ considers a number of factors, including the nature of the treatment relationship, the supportability and consistency of the opinion with other evidence, the specialization of the source, as well as the source's understanding of disability programs and their familiarity with the claimant's record. 20 C.F.R. §§ 404.1527(c); 416.927(c).[2] Generally, an ALJ will give more weight to the opinion

---

[2] The rules for evaluating medical opinions changed in 2017. The changes to the rules apply to claims filed on or after March 27, 2017. 20 C.F.R. §§ 404.1520c; 416.920c. Plaintiff's original Disability Insurance Benefits claim was filed in 2014. Her subsequent Supplemental Security Income claim was filed September 13, 2017. In the remand order following the first District Court action, the Appeals

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 6

of a source who has examined and treated the claimant. 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2). If a treating source opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record," it will be given controlling weight. *Id.*

A non-examining doctor's opinion may be discounted by reference to specific evidence in the medical record. *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).

An ALJ may reject the opinion of a non-acceptable medical source if he provides "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

*a. Medical Expert Jay Toews, Ed.D.*

Plaintiff argues the ALJ erred by failing to include all of the limitations Dr. Toews identified in his testimony, despite giving his opinion great weight. ECF No. 15 at 16. Specifically, Plaintiff argues Dr. Toews testified Plaintiff "probably would" miss four or more days of work each month, even without the effect of drugs and alcohol. *Id.* Defendant argues the ALJ reasonably interpreted the medical expert's testimony, and appropriately gave it great weight. ECF No. 16 at 14-16.

The Court finds the ALJ's summary was incomplete and the ALJ failed to offer any rationale for not adopting portions of the medical expert's testimony. In an exchange with Plaintiff's representative at the hearing, Dr. Toews testified that he believed Plaintiff's abilities would depend on the nature of the job, but that "she is capable of sustaining her attention, concentration, and work effort on simple,

---

Council acknowledged the changes in regulations and directed the ALJ to consolidate the claims and apply the old rules for evaluating medical evidence. Tr. 904.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 7

repetitive types of tasks that are relatively non-demanding." Tr. 804. The representative then asked if the opinions from Dr. Gonzalez and Mr. Lowe commenting that Plaintiff would miss four or more days of work per month, even without the impact of substance use, were reasonable. Tr. 805-06.

> ME: Well, I – I think it depends. They probably would. They're done by the – her treating personnel and so I think they had a good handle on that.
>
> Rep: Okay. So that's fine. So she may have these absences of four or more days of work each month, but other than those days, she could do a simple, repetitive-type job away – kind of away – with superficial conduct with the public?
>
> ME: Right.

Tr. 806.

In summarizing Dr. Toews' testimony, the ALJ stated "Dr. Toews specifically noted that any off task-absences are related to DAA [drug and alcohol abuse], and therefore would not be present absent the substance use." Tr. 771-72. The record contains no such testimony. Tr. 794-806. The only discussion of absenteeism was the testimony quoted above, relating to Plaintiff's abilities without substance use.

An ALJ is required to explain why "significant probative evidence has been rejected." *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). It is significant and probative that the medical expert thought Plaintiff would probably have four or more absences per month, even without the impact of alcohol and drug use, and that he believed her treating personnel would have a good handle on this issue. Therefore, this testimony must be accurately addressed on remand.

The ALJ used conflicts with the medical expert's testimony as part of the basis for rejecting Dr. Gonzalez and Mr. Lowe's opinions. Tr. 774-75. Because this

case is being remanded for reevaluation of the medical expert's testimony, the ALJ shall also readdress the other opinions in the file.

**2.    Plaintiff's subjective reports**

Plaintiff contends the ALJ erred by improperly rejecting her subjective statements. ECF No. 15 at 17-19.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the objective medical evidence and other evidence in the record. Tr. 770. The ALJ went on to note Plaintiff had misrepresented her drug and alcohol abuse to treating providers; the record contained evidence of medical non-compliance and other inconsistent statements; and that Plaintiff's allegations of severe and disabling mental limitations were not fully consistent with the medical record as a whole and Plaintiff's various daily activities. Tr. 772-73.

Plaintiff argues the ALJ selectively read the record, omitting references in the record when Plaintiff displayed instability even in the absence of substance abuse. She further asserts that, even though she was not always consistently accurate in reporting her substance use, her alleged impairments and limitations are consistent with the record, and the record supports her substance use was caused by increases in her mental health symptoms. Finally, she argues that the activities cited by the ALJ were sporadic and completed with difficulty, and do not contradict her allegations. ECF No. 15 at 17-19. Defendant argues that the ALJ reasonably considered Plaintiff's inconsistent statements, evidence of normal mental status exams and improvement, and daily activities. ECF No. 16 at 4-10. Defendant argues Plaintiff is effectively asking the court to adopt an alternative interpretation of the evidence. *Id.* at 10.

The Court finds the ALJ offered clear and convincing reasons for discounting Plaintiff's subjective complaints. An ALJ may reasonably consider a claimant's candor with respect to substance abuse in evaluating her general reliability. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002); *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999). The ALJ identified specific examples of inconsistent reports that undermined Plaintiff's subjective complaints. Tr. 772.

The Court finds the ALJ's citations to activities of daily living are not inconsistent with Plaintiff's subjective statements, as Plaintiff testified she had good and bad days, and on her good days she was capable of more activity. Tr. 60, 813. This testimony is consistent with the records, which show fluctuating abilities depending on the level of mental distress she was experiencing. Tr. 488, 573, 575, 1135, 1161, 1162. None of the activities cited by the ALJ lasted for extended periods.

Similarly, the Court finds the examples of improvement and stability cited by the ALJ are not substantial evidence of sustained improvement. Plaintiff regularly reported improvement in her mood and abilities, followed by periods of

worsening functioning, frequently leading to inpatient treatment. *See e.g.*, Tr. 609 (improving mood, depression much better), 608 (admitted to Transitions a few weeks later); Tr. 1690 (doing well until a few weeks ago), 1125 (hospitalized for suicidal ideation a week later), 1651 (inpatient treatment for two weeks the following month); 1165 (doing well, feeling empowered about going back to school), 1304 (admitted to inpatient treatment for suicidal thoughts the following month), 1325-27 (readmitted less than two months later), 1278 (readmitted again less than one month later). As the Ninth Circuit has held, "it is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014).

Because this claim is being remanded for the reevaluation of the medical evidence, the ALJ shall also reassess Plaintiff's subjective complaints.

**3.  Step five findings**

Plaintiff asserts the ALJ failed to meet her burden at step five because the RFC posed to the vocational expert was incomplete. Tr. 19-20.

Because this claim is being remanded for further assessment of the medical evidence, the ALJ shall complete the five-step process and make additional step-five findings as warranted.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's RFC determination is not supported by substantial evidence in this case and must be reevaluated. On remand, the ALJ shall reevaluate the medical evidence and Plaintiff's subjective complaints, formulate a new RFC, obtain supplemental testimony from a vocational expert, if necessary, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED May 28, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 12